IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
SEP 16 2016
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>WILLIE EUGENE TURNER,<br><br>Defendant/Movant. | Cause No. CR 05-30-BLG-SPW<br><br>ORDER GRANTING § 2255 MOTION AND SETTING HEARING |

This case comes before the Court on Defendant/Movant Turner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Turner seeks relief under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

Turner was charged with one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g), and one count of possession of an unregistered firearm, a violation of 26 U.S.C. § 5861(d). According to Turner,[1] the Indictment "advised that [he] was subject to a minimum mandatory term of fifteen years imprisonment," Mot. § 2255 (Doc. 29) at 3 ¶ 5, under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Turner pled guilty to being a felon in possession of a firearm under § 922(g). Minutes (Doc. 18). On January 11, 2006, he was sentenced to the mandatory minimum fifteen-year term, to be followed by a

---

[1] Electronic filing was implemented after Turner's case had commenced. Turner's Indictment and all documents filed before December 16, 2005, have been archived in Denver.

1

three-year term of supervised release. Judgment (Doc. 26) at 2-3.

At his sentencing in 2006, Turner was deemed an "armed career criminal" because, before he violated § 922(g), he had incurred three previous "violent felony" convictions:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The italicized phrase is frequently called the "residual clause." In 2015, the Supreme Court found that its own "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause" indicated the clause is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2558. It concluded that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563. Moreover, last April, in *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016), the Court held that *Johnson* "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." *Id.* at 1265. As a result, even persons like Turner, sentenced long ago, are entitled to collateral

relief, provided they were designated armed career criminals due to the residual clause.

Turner's designation as an armed career criminal was indeed due to the residual clause. He had four potentially qualifying previous convictions: "murder 2d degree/manslaughter" apparently committed in 1985, "burglary of a business" committed in 1989, and possession of a short-barreled shotgun in 1989, all under Florida state law, as well as "armed bank robbery" under federal law. *See* Presentence Report ¶¶ 26, 40-42, 45. Of these, at least two—burglary and possession of a short-barreled shotgun—are not violent felonies under the remaining criteria of § 924(e)(2)(A) or (B).

Although the Florida statute defining burglary in 1989 contained some variable elements, *see, e.g.*, Fla. Stat. Ann. § 810.02(2)(b) (1989), none of the sets of elements necessarily met the generic elements of burglary under federal sentencing law, *see Taylor v. United States*, 495 U.S. 575, 599 (1990). The United States does not contend that Turner's burglary conviction had the use or attempt or threat to use force as an element or that a conviction for burglary under Florida law would necessarily meet the generic elements of extortion under federal sentencing law. Therefore, Turner's burglary conviction could be characterized as a "violent felony" only under the residual clause, not under the other criteria of § 924(e).

Likewise, a state statute prohibiting possession of a short-barreled shotgun

3

was at issue in *Johnson* itself. *See Johnson*, 135 S. Ct. at 2556. Florida's definition of possession of a short-barreled shotgun in 1989 does not meet the criteria of 18 U.S.C. § 924(e)(2)(A) or (B) that remain valid after *Johnson*.

At most, therefore, Turner might have been convicted of two violent felonies. But conviction of two violent felonies is not meaningful under the Armed Career Criminal Act. Turner is entitled to relief on his § 2255 motion.

Because the Armed Career Criminal Act does not apply to Turner, the statutory maximum prison sentence is ten years, and the maximum term of supervised release is three years. 18 U.S.C. §§ 924(a)(2), 3559(a)(3), 3583(b)(2); *see also* U.S.S.G. § 5D1.2(a)(2). Turner was sentenced on January 6, 2006. The sentence was imposed to run concurrently with a state sentence. *See* Judgment (Doc. 26) at 2. Consequently, even without any credit for time served prior to the federal sentencing date, Turner has already served ten years for his federal crime. 18 U.S.C. § 3585(a); *Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011).

The term and conditions of Turner's supervised release, however, may be altered. Except as to Turner's post-sentencing conduct, the presentence report completed in 2006 is sufficient to enable meaningful consideration of the relevant matters under 18 U.S.C. § 3553. *See* Fed. R. Crim. P. 32(c)(1)(A)(ii). A supplemental presentence report limited to new information about Turner is all that is required.

4

Accordingly, IT IS HEREBY ORDERED as follows:

1. Turner's motion under 28 U.S.C. § 2255 (Doc. 29) is GRANTED. The Judgment entered on January 11, 2006 (Doc. 26) is VACATED.

2. A re-sentencing hearing is set for September 21, 2016 at 11:00 a.m., in the Snowy Mountains Courtroom, at the James F. Battin Courthouse, Billings, Montana.

3. The United States Probation Office will prepare a supplemental presentence report addressing only Turner's post-sentencing conduct, with special attention to the term and conditions of supervised release. The supplemental report must be provided to the parties on September 16, 2016. The report must be submitted to the Court at least one working day before the hearing. Either party may object before and/or at the hearing.

DATED this 16th day of September, 2016.

Susan P. Watters
United States District Court